UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NANCY PARRETT, on her own behalf and on behalf of student TYLER PARRETT,<br><br>Plaintiffs,<br><br>v.<br><br>CORONADO UNIFIED SCHOOL DISTRICT,<br><br>Defendant. | Case No.: 18-CV-1209-CAB-JMA<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>[Doc. No. 5] |

This matter is before the Court on a motion to dismiss filed by Defendant Coronado Unified School District ("CUSD"). The motion has been fully briefed, and the Court deems it suitable for submission without oral argument. As discussed below, the motion is granted.

**I.  Allegations in the Complaint**

Tyler Parrett is in 12th grade at Coronado High School within CUSD. He has been diagnosed with Major Depressive Disorder, Generalized Anxiety Disorder, and Attention Deficit Hyperactivity Disorder—Inattentive type. Based on these diagnoses, CUSD had established Individualized Education Programs ("IEPs") for Tyler for his 10th and 11th grade school years. CUSD, however, failed to implement several of the accommodations

1

required by these IEPs, leading Tyler's mother, Nancy Parrett, to express her concerns to CUSD about these failures on numerous occasions via email and meetings between April 11, 2016 and March 14, 2017.

On March 21, 2017, Ms. Parrett, acting without the assistance of counsel, filed a Request for Complaint Investigation with the California Department of Education ("CDE") in which she asked the state of California to investigate CUSD's non-compliance with Tyler's IEP accommodations. CDE opened an investigation on March 30, 2017, and framed the issues as: (1) failure to implement IEP accommodations; and (2) failure to ensure that each teacher was informed of her responsibilities to implement the IEP.

On April 28, 2017, CUSD initiated an administrative due process hearing against Ms. Parrett with the California Office of Administrative Hearings ("OAH") in which it asked for a determination that CUSD: (1) consistently implemented Tyler's 2016 IEP; (2) ensured that each teacher was informed of her responsibilities to implement the 2016 IEP; and (3) offered Tyler appropriate goals in his 2016 IEP. Pursuant to 34 C.F.R. § 300.152(c), the initiation of this due process hearing halted the CDE investigation that Ms. Parrett had requested.

Ms. Parrett obtained counsel to represent her and Tyler in the OAH due process hearing. On May 22, 2017, Ms. Parrett and Tyler, through counsel, responded to CUSD's due process hearing request by stating that CUSD's request had no legal basis and was brought in retaliation for Ms. Parrett's advocacy on behalf of Tyler. On July 11, 2017, Ms. Parrett and Tyler moved to dismiss issue three of CUSD's hearing request (concerning the propriety of the goals offered to Tyler in his IEP) on the basis that there was no case or controversy because Ms. Parrett had signed the 2016 IEP approving Tyler's goals. On July 12, 2017, CUSD withdrew its request for a due process hearing. Ms. Parrett incurred $8,425 in legal fees related to CUSD's request for a due process hearing.

On July 17, 2017, CDE re-opened its investigation into Ms. Parrett's claims against CUSD. On August 4, 2017, CDE found that CUSD had failed to meet the requirements of

California Education Code section 56043(i) and had failed to implement Tyler's IEP accommodations consistently. CDE ordered CUSD to take corrective action.

Based on these allegations, on June 8, 2018, Ms. Parrett, on behalf of herself and Tyler, filed the instant lawsuit. The complaint asserts one claim for violation of section 504 of the Rehabilitation Action of 1973, 29 U.S.C. § 794, and seeks damages consisting of the attorney's fees, costs, and lost wages she incurred in connection with the due process hearing.

## II. Legal Standard

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Thus, the Court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). On the other hand, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Nor is the Court "required to accept as true allegations that contradict exhibits attached to the Complaint or . . . allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). "In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quotation marks omitted).

## III. Discussion

### A. Failure to State a Claim For Retaliation Under § 504

"Rehabilitation Act § 504 forbids organizations that receive federal funding, including public schools, from discriminating against people with disabilities." *Mark H. v. Hamamoto*, 620 F.3d 1090, 1097 (9th Cir. 2010); *see also* 29 U.S.C. § 794(a) ("No

3

18-CV-1209-CAB-JMA

otherwise qualified individual with a disability, . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance. . . ."). Second 504 applies to CUSD because it is a public school system. *Hamamoto*, 620 F.3d at 1097. "Section 504 establishes an implied private right of action allowing victims of prohibited discrimination, exclusion, or denial of benefits to seek 'the full panoply of remedies, including equitable relief and [compensatory] damages.'" *Mark H. v. Lemahieu*, 513 F.3d 922, 930 (9th Cir. 2008) (quoting *Greater L.A. Council on Deafness, Inc. v. Zolin*, 812 F.2d 1103, 1107 (9th Cir. 1987)). "[T]he focus of the prohibition in § 504 is 'whether disabled persons were denied 'meaningful access' to state-provided services.'" *Lemahieu*, 513 F.3d at 937 (quoting *Crowder v. Kitagawa*, 81 F.3d 1480, 1484 (9th Cir. 1996)).

"There is nothing in the text of § 504 that specifically addresses retaliation, but it is generally accepted that what is forbidden under § 504 includes retaliation for exercise of protected rights. Courts have held that there is no significant difference in the analysis of rights and obligations created by the ADA and § 504 of the Rehabilitation Act." *Minkley v. Eureka City Sch.*, No. 17-CV-3241-PJH, 2017 WL 4355049, at *5 (N.D. Cal. Sept. 29, 2017) (citing *Vinson v. Thomas*, 288 F.3d 1145, 1152 n.7 (9th Cir. 2002)). "In other words, the anti-retaliation provisions in the ADA have been poured into the Rehabilitation Act so as to extend the statute's protections to 'any individual' who has been retaliated against because he or she opposes any act or practice made unlawful by the act." *Corrales v. Moreno Valley Unified Sch. Dist.*, No. EDCV 08-00040 SGLOPX, 2008 WL 4382507, at *2 (C.D. Cal. Aug. 29, 2008); *cf. Barker v. Riverside County Office of Educ.*, 584 F.3d 821, 825 n.2 (9th Cir. 2009) (citing *Weber v. Cranston Sch. Comm.*, 202 F.3d 41, 48 (1st Cir. 2000) as "noting that Section 504 integrates the anti-retaliation provision of Title VI of the Civil Rights Act"). "As a result, claims of retaliation are analyzed under the two laws by the same standard." *Hodge v. Oakland Unified Sch. Dist.*, No. C 09-04719 RS, 2012 WL 1933678, at *8 (N.D. Cal. May 29, 2012), *aff'd*, 555 F. App'x 726 (9th Cir. 2014); *see also Douglas v. California Dep't of Youth Auth.*, 285 F.3d 1226, 1229 n.3 (9th Cir. 2002)

("'[C]ases interpreting [the ADA and the Rehabilitation Act] are applicable and interchangeable.'") (quoting *Allison v. Dep't of Corrections*, 94 F.3d 494, 497 (8th Cir. 1996)).

To state a claim for retaliation, "Plaintiff must allege that she engaged in protected activity, that she suffered an adverse action, and that there is a causal link between the protected activity and the adverse action." *Brown v. Jewell*, No. 216CV0637MCECKDPS, 2017 WL 772140, at *2 (E.D. Cal. Feb. 28, 2017), *aff'd sub nom. Brown v. Zinke*, No. 17-16063, 2018 WL 5309920 (9th Cir. Oct. 26, 2018); *see also Coons v. Sec'y of U.S. Dep't of Treasury*, 383 F.3d 879, 887 (9th Cir. 2004) ("A *prima facie* case of retaliation requires a plaintiff to show: '(1) involvement in a protected activity, (2) an adverse employment action and (3) a causal link between the two.'") (quoting *Brown v. City of Tucson*, 336 F.3d 1181, 1187 (9th Cir. 2003)). The complaint does not satisfy these requirements because it does not allege an adverse action by CUSD.

Plaintiffs allege that CUSD retaliated against them for Ms. Parrett's advocacy on behalf of Tyler, including her CDE complaint investigation, by initiating the OAH due process hearing. Initiating a due process hearing to determine whether Tyler was receiving a Free Appropriate Public Education ("FAPE") is not an adverse action. Rather, it merely changed the forum in which the dispute between Plaintiffs and CUSD about whether Tyler was receiving a FAPE would be decided.

CUSD argues that initiating the due process hearing could not have been an adverse action because CUSD was required to initiate it under California law. "California Education Code § 56346(f) requires school districts to initiate a due process hearing if the school district determines that a portion of an Individualized Education Program ("IEP") to which a parent does not consent is necessary to provide a child with a Free Appropriate Public Education ("FAPE") under the Individuals with Disabilities Education Act ("IDEA")." *I.R. ex rel. E.N. v. Los Angeles Unified Sch. Dist.*, 805 F.3d 1164, 1165 (9th Cir. 2015). "In effect, § 56346(f) compels a school district to initiate a due process hearing when the school district and the parents reach an impasse." *Id.* at 1169.

5

In its motion, CUSD states that Ms. Parrett did not authorize CUSD to implement the goals in the IEP meeting and argues that as a result, CUSD was obligated by section 56346(f) to initiate the due process hearing. According to CUSD, Ms. Parrett subsequently agreed to implementation of the IEP goals, and upon learning of this fact, CUSD withdrew its request for a due process hearing. The complaint, however, only alleges that Ms. Parrett had signed the 2016 IEP, including approval of the goals. The complaint is silent as to when Ms. Parrett had consented to implementation of the goals in the 2016 IEP and in particular, whether she had consented (and CUSD was aware of her consent) before CUSD requested the due process hearing. The opposition brief, meanwhile, also skirts the issue, stating at one point that Ms. Parrett opined that the benchmarks for two of the goals in the IEP were not helpful, but then stating that Ms. Parrett consented to all of the goals in the IEP without stating *when* she consented. The opposition also attaches a declaration from a CUSD representative dated July 27, 2017 (after CUSD withdrew its due process hearing request) stating that Ms. Parrett "signed in agreement with the IEP, including the goals." [Doc. No. 6-1 at 1.] The declaration is similarly silent as to when Ms. Parrett agreed to the IEP goals.

Assuming the truth of the allegations in the complaint, it is impossible to determine whether Ms. Parrett had agreed to the entirety of the 2016 IEP or only part of it, thereby triggering the California requirement that CUSD request a due process hearing. Yet, even assuming that CUSD was not *required* by California law to request the due process hearing, there is no question that CUSD was *permitted* under federal law to request the hearing based on the dispute about Tyler's IEP as reflected by Ms. Parrett's request for a CDE investigation, which is alleged in the complaint in this lawsuit. *See* 20 U.S.C. §§ 1414-1415; 34 C.F.R. § 300.507(a)(1); *see also I.R.*, 805 F.3d at 1170 ("[S]chool districts in California must comply with the additional requirement imposed by the California Education Code of initiating a due process hearing if agreement between the district and the parent on an appropriate placement cannot be reached."). The mere act of requesting a due process hearing based on a dispute with Ms. Parrett about whether Tyler was receiving

a FAPE, which CUSD was permitted, if not required, to request, is not an adverse action against Ms. Parrett. Accordingly, the complaint does not state a claim for retaliation under the Rehabilitation Act.

### B. Noerr-Pennington Doctrine

The complaint is also barred by the Noerr-Pennington doctrine. "The Noerr–Pennington doctrine derives from the Petition Clause of the First Amendment and provides that 'those who petition any department of the government for redress are generally immune from statutory liability for their petitioning conduct.'" *Kearney v. Foley & Lardner, LLP*, 590 F.3d 638, 643-44 (9th Cir. 2009) (quoting *Sosa v. DIRECTV, Inc.*, 437 F.3d 923, 929 (9th Cir. 2006)); *see also Empress LLC v. City and County of San Francisco*, 419 F.3d 1052, 1056 (9th Cir. 2005) ("Under the Noerr-Pennington doctrine, those who petition all departments of the government for redress are generally immune from liability."). The Supreme Court has adopted a three-part test to determine whether the Noerr-Pennington doctrine applies: "(1) identify whether the lawsuit imposes a burden on petitioning rights, (2) decide whether the alleged activities constitute protected petitioning activity, and (3) analyze whether the statutes at issue may be construed to preclude that burden on the protected petitioning activity." *Kearney*, 590 F.3d at 644 (citing *BE & K Constr. Co. v. NLRB*, 536 U.S. 516, 530-33 (2002)). All three parts of this test are satisfied here.

As to the first part of the test, the question is not whether CUSD's request for a due process hearing was retaliatory, but instead "whether the success of [Plaintiffs'] lawsuit would constitute a burden on [CUSD's] petitioning rights." *Kearney*, 590 F.3d at 645. In this lawsuit, Plaintiffs seek to impose liability on CUSD for requesting a due process hearing. Plaintiffs' success in this lawsuit would necessarily burden CUSD's right to request such hearings. The first part of the test is therefore satisfied.

As for the second part of the test, the alleged activity in question here was the filing of the request for a due process hearing itself. Requesting a due process hearing is a protected petitioning activity. *See Sosa*, 437 F.3d at 933 (noting that "litigation activities

7

which constitute 'communications to the court' may fairly be described as 'petitions'") (quoting *Freeman v. Lasky, Haas & Cohler*, 410 F.3d 1180, 1184 (9th Cir. 2005)). Further, a request for a due process hearing when there is a dispute about the provision of a FAPE, as is alleged in the complaint here, is not "objectively baseless" so as to fall under the "sham litigation" exception to the Noerr-Pennington doctrine. *See Prof'l Real Estate Inv'rs, Inc. v. Columbia Pictures Indus., Inc.*, 508 U.S. 49, 60 (1993). Therefore, the second requirement is satisfied.

As for the third part of the test, the question is whether, given the important goals of the Rehabilitation Act, the statute proscribes the requesting of a due process hearing by a school district after a parent has initiated a complaint investigation concerning the same disputes about the provision of a FAPE to a student. *See Sosa*, 437 F.3d at 939. "In answering this question, [the court] must bear in mind the principle that 'if an otherwise acceptable construction of a statute would raise serious constitutional problems, and where an alternative interpretation of the statute is fairly possible, [the court is] obligated to construe the statute to avoid such problems.'" *Id.* (quoting *INS v. St. Cyr*, 533 U.S. 289, 299-300 (2001) (internal quotation marks omitted)). Here, considering that the Rehabilitation Act is silent as to a claim for retaliation, it requires no statutory construction to hold that the Rehabilitation Act does not permit the maintenance of a lawsuit for retaliation based on a school district request for a due process hearing concerning whether a student is receiving a FAPE. Accordingly, the Noerr-Pennington doctrine immunizes CUSD from a suit for retaliation under the Rehabilitation Act based on its request for a due process hearing.

### C. Leave to Amend

The opposition requests leave to amend to "clarify any ambiguities and cure any defects." The complaint, however, unambiguously seeks to impose liability on CUSD for retaliation under the Rehabilitation Act based on its request for a due process hearing. Because the Noerr-Pennington doctrine immunizes CUSD from such a claim, any amendment would be futile. Accordingly, Plaintiffs' request for leave to amend is denied.

## IV. Conclusion

For the foregoing reasons, the complaint fails to state a claim for retaliation, and regardless, the Noerr-Pennington doctrine immunizes CUSD from liability for such a claim. Accordingly, CUSD's motion to dismiss is **GRANTED**. Further, because these defects cannot be remedied by amendment, the complaint is **DISMISSED WITH PREJUDICE**.

It is **SO ORDERED.**

Dated: November 5, 2018

Hon. Cathy Ann Bencivengo
United States District Judge